UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THE BROOKLYN UNION GAS CO.,

                Plaintiff,

    -against-                                  **ORDER**
                                            17-CV-7476 (MKB) (TAM)

EXXONMOBIL CORP.,

                Defendant.
----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

       WHEREAS, on July 7, 2023, the parties filed a joint status report indicating that they had reached an impasse on a dispute concerning the production of certain documents over which Defendant ExxonMobil Corp. ("Exxon") "has asserted . . . a Common Interest Privilege between itself and third parties the City of New York and NYC Parks" (Status Report, ECF No. 93, at 1);

       WHEREAS, the Court scheduled a conference and ordered Exxon to file a privilege log with respect to the common interest privilege dispute (hereinafter the "Dispute") in advance of the conference (July 13, 2023 ECF Scheduling Order);

       WHEREAS, on July 25, 2023, Exxon filed a categorical privilege log "concerning emails and other documents from ExxonMobil's retained outside counsel that were withheld from production because ExxonMobil maintains they are subject to the attorney-client privilege/work product doctrine and the common interest/joint defense doctrine's extension of the attorney-client privilege and work product doctrine," which log details categories of documents within the date range 2017–2022 (Letter, ECF No. 95; Categorical Privilege Log, ECF No. 95-1 (also filed at ECF No. 99-7));

WHEREAS, on August 1, 2023, following a discovery conference, the Court ordered Exxon to "produce a document-by-document privilege log to Plaintiff with respect to its assertion of the common interest privilege as to the recent document production (*see* Privilege Log, ECF No. 95-1)." (Aug. 1, 2023 ECF Min. Entry & Order.) The Court also directed the parties to "meet and confer in a good faith effort to evaluate whether the common interest privilege protects some or all of the documents at issue" (*id.*);

WHEREAS, on October 10, 2023, the parties filed a joint status report outlining four outstanding discovery disputes, including the dispute regarding the common interest privilege. (Status Report, ECF No. 97.) In response, the Court granted the parties leave to file a discovery motion on the topics outlined in their letter (Oct. 11, 2023 ECF Order);

WHEREAS, on October 25, 2023, Plaintiff the Brooklyn Union Gas Co. ("BUG") filed a motion to compel production regarding common interest documents. (Mot. to Compel, ECF No. 99.) Specifically, Plaintiff BUG moved to compel Defendant Exxon "to produce Exxon's communications with the City of New York ('City') and the New York City Department of Parks and Recreation ('NYC Parks') regarding Parcels 2277 and 2294." (*Id.* at 1.) BUG included with the motion Exxon's categorical privilege log and a second document-by-document privilege log, which details documents created between July 2017 and March 2023 (Categorical Privilege Log, ECF No. 99-7; Privilege Log, ECF No. 99-10);

WHEREAS, on January 12, 2024, BUG filed a motion seeking leave to submit additional briefing on the motion to compel production of the common interest documents (Req. for Add'l Briefing, ECF No. 102);

WHEREAS, Exxon responded to BUG's briefing on November 8, 2023, and January 16, 2024 (*see* Opp'n, ECF No. 100; Resp., ECF No. 103; Resp., ECF No. 104);

WHEREAS, on March 4, 2024, BUG filed a joint motion for a discovery hearing to discuss remaining discovery issues (Mot. for Disc. Hr'g, ECF No. 107);

WHEREAS, on March 8, 2024, the Court scheduled a discovery hearing for April 4, 2024, and ordered the parties to file a joint letter outlining their respective positions on the discovery disputes referenced in their March 4 filing (Mar. 8, 2024 ECF Order);

WHEREAS, on March 27, 2024, the parties submitted two filings[1] in response to the Court's March 8, 2024 Order, (*see* Letter, ECF No. 110; Mot. to Strike, ECF No. 111), and on April 4, 2024, the Court held a status conference discussing, *inter alia*, the Dispute, (Apr. 4, 2024 ECF Min. Entry & Order);

WHEREAS, during the April 4, 2024 status conference, Exxon revealed, for the first time, the existence of a written common interest agreement with the City of New York (Tr., ECF No. 113, at 45:24–46:13);

WHEREAS, following the April 4, 2024 status conference, the Court directed Exxon to "provide the Court with *evidentiary* support for the assertion that the common interest privilege applies to certain withheld documents," and to "include a cover letter indicating, with specificity, what they claim these documents demonstrate with regard to the existence of a common interest agreement and the timing of the formation of any understanding as to the existence of a common interest privilege" (Apr. 4, 2024 ECF Min. Entry & Order (emphasis in original));

---

[1] As discussed in the April 4, 2024 status conference, although the parties filed multiple "joint" letters, Defendant's position is set forth in ECF No. 110, and Plaintiff's position is set forth in ECF No. 111. (Tr., ECF No. 113, at 3:6–4:15.) Plaintiff's motion to strike ECF No. 110-1 is terminated as unnecessary. (ECF No. 111.)

3

WHEREAS, on April 26, 2024, the parties filed a joint motion requesting entry of a Joint Stipulation and Proposed Order under Federal Rule of Evidence 502(d) (the "Joint Stipulation") (Mot. Req. Entry of Stip., ECF No. 115; *see also* Joint Stip., ECF No. 115-1);

WHEREAS, the Court approved and ordered the Joint Stipulation on May 1, 2024. (Order, ECF No. 116.) The Order provided, *inter alia*, that Defendant represents that a written common interest agreement, dated October 10, 2023, exists between Defendant and the City of New York (the "Agreement"); "that Defendant shall produce all documents withheld under a claim of common interest with the City of New York that pre-date the execution of the written [Agreement]," exclusive of certain documents described in the categorical privilege log, by May 17, 2024; that the parties will continue to meet and confer in an effort to "reach an agreement as to the existence and scope of any common interest between the Defendant and the City of New York" and whether BUG "may use any of the documents produced pursuant to this Stipulation as evidence or for impeachment"; and that the parties will file a joint letter by June 17, 2024, "apprising the Court of their progress in resolving this dispute as previously briefed in ECF Nos. 99–104" (Order, ECF No. 116, ¶¶ 5–7, 10–11);

WHEREAS, on June 21, 2024, the parties filed a joint letter indicating that they had reached an agreement as to the use of documents produced by Exxon pursuant to the Joint Stipulation, but that they were unable to reach an agreement regarding the existence and scope of the Agreement itself. (Joint Status Report on Common Interest Issue, ECF No. 118.) In addition, the parties have been unable to reach an agreement regarding production of documents "[f]or the period after the date of the October 10, 2023 written Common Interest Agreement between ExxonMobil and the City of New York" (*id.*);

4

WHEREAS, Exxon asserts that the Agreement itself is privileged, while BUG argues that, "because it has no information as to the parties to the [A]greement or scope of the [A]greement, it is impossible for Brooklyn Union to assess the existence of the common interest" as of October 10, 2023 (*id.*);

WHEREAS, Exxon requests that the Court uphold the Agreement's "privileged and confidential designation," while BUG requests that the Court review the Agreement, redact any portions the Court finds to be properly withheld, "and otherwise disclose to Brooklyn Union guidance as to the scope and confines of the [Agreement] so that there is a clear understanding of what documents and communications are subject to protection by the common interest document moving forward" (*id.*);

WHEREAS, on June 25, 2024, the Court directed Exxon to file the written Agreement with proposed redactions under seal for *in camera* review and a letter providing authority for such redactions, (June 25, 2024 ECF Order), which Exxon did on June 27, 2024, seeking redaction of the entire agreement, (Letter, ECF No. 119; Agreement, ECF No. 120);

WHEREAS, on July 8, 2024, BUG responded to Exxon's letter, (Resp., ECF No. 121), and on July 11, 2024, Exxon replied, (Reply, ECF No. 122); therefore,

IT IS HEREBY ORDERED, having reviewed the Agreement entered into in October 2023, the Court finds it creates a common interest privilege between Exxon and others pertaining to anticipated litigation concerning one specific parcel of land, and that, by its very terms, the Agreement is itself privileged and confidential. To the extent that Plaintiff BUG is seeking more information regarding the scope and parties to the Agreement, "[t]he [C]ourt is skeptical about [Defendant's] contention that the

5

*existence* of a joint defense agreement is privileged information." *United States v. Int'l Longshoremen's Ass'n, AFL-CIO*, No. 05-CV-3212 (ILG) (VVP), 2006 WL 2014093, at *1 (E.D.N.Y. July 18, 2006) (emphasis added); *see also* Fed. R. Civ. P. 26(b)(5) (discussing procedure for a party who "withholds information otherwise discoverable by claiming that the information is privileged"); *Black v. Buffalo Meat Serv., Inc.*, No. 15-CV-49S (HBS), 2018 WL 3213288, at *6 (W.D.N.Y. June 29, 2018) (interpreting Federal Rule of Civil Procedure 26(b)(5) in the context of attorney-client privilege and stating that the Rule "sets forth the information a party claiming that privilege must assert before claiming it," which information "gives the questioner enough information about the communication to confirm its existence, who were parties to it, . . . and other information to identify it and distinguish it"; in other words, before asserting a privilege, the party must first establish "the who, what, when, and where" of the allegedly privileged communication or document); *Rubie's Costume Co. v. Kangaroo Mfg., Inc.*, No. 16-CV-6517 (SJF) (AKT), 2018 WL 4864833, at *5 (E.D.N.Y. Sept. 28, 2018) (finding that the "assertion of the work product privilege and/or common interest doctrine in response to . . . questions . . . simply ask[ing] whether a communication . . . ever occurred" is improper because "claiming the existence of a specific communication or document is, among other things, a predicate for asserting a privilege in the first place"); *East End Eruv Ass'n, Inc. v. Town of Southampton*, No. 13-CV-4810 (AKT), 2014 WL 12847276, at *6 (E.D.N.Y. Mar. 13, 2014) (explaining that "the common interest privilege is to be narrowly construed," and that the party invoking the privilege must make a "substantial showing" (quotation marks omitted));

      IT IS FURTHER ORDERED that the Court finds Exxon has not met its burden to establish that the following information is privileged, all of which appears to be necessary to ascertain the applicability of the common interest privilege:

  (1) The "identities of the parties" to the Agreement (as identified in Section I, paragraphs A and D);

  (2) A basic description of the purpose and scope of the Agreement (as set forth in the preamble to the Agreement), including but not limited to which parcel of land is covered by the Agreement;

  (3) Which materials are covered by the Agreement (including, for example, a slightly modified version of the first portion of Section I, paragraph C); and

  (4) Which materials are specifically *excluded* from the Agreement, including the two specific categories identified in Section III, paragraph F;

 IT IS FURTHER ORDERED that, not only has Defendant failed to meet its burden to show, at this juncture, that the aforementioned four categories of information are privileged, the Court has insufficient information to definitively rule on the apparently remaining privilege disputes because all of the documents and document categories detailed in the two privilege logs that have been submitted date from *before* October 10, 2023, and the Court is unaware of which outstanding documents remain in dispute. (*See* Categorical Privilege Log, ECF Nos. 95-1 & 99-7; Privilege Log, ECF No. 99-10.) *See, e.g., Subramanian v. Lupin Inc.*, No. 17-CV-5040 (RA) (KHP), 2019 WL 1771556, at *5 (S.D.N.Y. Apr. 23, 2019) (finding that because the court did not have any of the relevant documents, "it is unable to make a ruling at this time");

 IT IS FURTHER ORDERED that BUG's original motion to compel, (Mot. to Compel, ECF No. 99), is denied in light of the fact that the parties have significantly narrowed the issues in dispute, (*see generally* ECF Nos. 115–22). Accordingly, BUG's motion for a premotion conference regarding a motion for additional briefing concerning ECF No. 99 is also terminated as moot (Req. for Additional Briefing, ECF No. 102); and

IT IS FURTHER ORDERED that by September 4, 2024, Exxon shall disclose information to BUG regarding the parties, scope, and materials covered by the common interest agreement, all of which is necessary to ascertain the applicability of the common interest privilege to the outstanding documents.

**SO ORDERED.**

Dated: Brooklyn, New York
       August 21, 2024

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE